

AO 440 (Rev. 12/09) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Southern District of New York

| | |
|---|---|
| Adrian Gordon | ) |
| *Plaintiff* | ) |
| v. | ) |
| Public Safety Sergeant Michael Cabassa, Shield No.1867, Public Safety Detective FNU Cruz, et al. | ) |
| *Defendant* | ) |

Civil Action No.   13 CV-5469

### SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   Sergeant Michael Cabassa, Shield No. 1867
c/o  Roosevelt Island Dept of Public Safety
550 Main Street
New York, New York 10044

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   Law Offices of Michael S. Lamonsoff, PLLC
80 Maiden Lane, 12th Floor
New York, New York 10038

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

RUBY J KRAJICK

CLERK OF COURT

Date:   FEB 2 6 2014 _____

_____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 12/09)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Southern District of New York

| | |
|---|---|
| Adrian Gordon | ) |
| *Plaintiff* | ) ) ) |
| v. | ) |
| Public Safety Sergeant Michael Cabassa, Shield No.1867, Public Safety Detective FNU Cruz, et al. | ) ) ) ) |
| *Defendant* | ) |

Civil Action No.   13 CV-5469

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*      Public Safety Detective FNU Cruz
c/o  Roosevelt Island Dept of Public Safety
550 Main Street
New York, New York 10044

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:      Law Offices of Michael S. Lamonsoff, PLLC
80 Maiden Lane, 12th Floor
New York, New York 10038

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

RUBY J. KRAJICK

CLERK OF COURT

Date: FEB 2 6 2014 _____

_____
*Signature of Clerk or Deputy Clerk*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
ADRIAN GORDON,

                          Plaintiff,

             -against-

PUBLIC SAFETY SERGEANT  MICHAEL CABASSA
(SHIELD #1867), PUBLIC SAFETY DETECTIVE FNU CRUZ,
PUBLIC SAFETY OFFICER "JOHN DOE" and PUBLIC
SAFETY OFFICER "JANE DOE,"

                          Defendants.
------------------------------------------------------------------------X

**FIRST AMENDED
COMPLAINT**

Docket No. 13 CV-5469 (ALC)

JURY TRIAL DEMANDED

*[Stamp: RECEIVED FEB 26 2014 U.S.D.C. S.D.N.Y. CASHIERS]*

       Plaintiff, **ADRIAN GORDON**, by and through his attorneys, **LAW OFFICES OF**

**MICHAEL S. LAMONSOFF, PLLC,** complaining of the defendants herein, respectfully

shows the Court and alleges:

<b>PRELIMINARY STATEMENT</b>

    1.  This is a civil rights action in which the Plaintiff, **ADRIAN GORDON**, seeks

compensatory damages, and attorney's fees pursuant to 42 U.S.C. §§ 1981, 1983 and 1988, for

wrongful acts of **PUBLIC SAFETY SERGEANT MICHAEL CABASSA, PUBLIC**

**SAFETY DETECTIVE FNU "CRUZ", PUBLIC SAFETY OFFICER "JOHN DOE"** and

**PUBLIC SAFETY OFFICER "JANE DOE",** as officers of The Roosevelt Island Public Safety

Department, acting under color of a State of law pursuant to their authority, in violation of

Plaintiff's rights secured by the Civil Rights Act of 1981, 42 U.S.C. §§ 1981, 1983 and 1988; by

the United States Constitution, including its Fourth, Fifth, Eighth and Fourteenth Amendments;

and by the laws and Constitution of the State of New York.

<b>JURISDICTION AND VENUE</b>

    2.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343, 1367 and

1

42, this being an action seeking redress for the violation of Plaintiff's constitutional and civil rights.

3.     Jurisdiction is also invoked herein pursuant to the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983.

4.     The plaintiff respectfully requests that this Court exercise supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over any state court causes of action that arise from a common nucleus of operative facts that give rise to the federally based causes of action pleaded herein, and as against all parties that are so related to claims in this action within the original jurisdiction of this court that are formed as part of the same case or controversy.

## VENUE

5.     Venue herein is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1391 (a), (b) and (c).

## NOTICE OF CLAIM

6.     Plaintiff filed a Notice of Claim with the Comptroller of the City of New York within 90 days of the events complained of herein.  More than 30 days have elapsed since the filing of the Notice of Claim, and adjustment or payment thereof has been neglected or refused. That Plaintiff, pursuant to General Municipal Law 50(h) was to be produced for a statutory hearing on July 29, 2013, however that hearing was adjourned to September 19, 2013.  As the Statute of Limitations as to certain causes of action included herein expire prior to September 19, 2013, this action is being commenced at this time within one year and ninety days from the date the pendent claim herein accrued.

## JURY TRIAL DEMAND

7.     Plaintiff hereby demands a trial by jury of all issues in this action that are triable.

## PARTIES

8.     At all times herein mentioned Plaintiff **ADRIAN GORDON** is an adult male and at all times hereinafter mentioned was and still is a citizen of the United States residing in the State of New York and the County of New York.

2

9.      All times herein mentioned Defendant The Roosevelt Island Operating Corporation owned, operated, maintained, directed, controlled the Roosevelt Island Public Safety Department, which employed Defendants **PUBLIC SAFETY SERGEANT MICHAELCABASSA** (hereinafter referred to as "**SERGEANT CABASSA**"), **PUBLIC SAFETY DETECTIVE FNU "CRUZ"** (hereinafter referred to as "**FNU CRUZ**"), **PUBLIC SAFETY OFFICER "JOHN DOE"** and **PUBLIC SAFETY OFFICER "JANE DOE."**

10.     At all times herein mentioned the Defendant "**SERGEANT CABASSA**" was and still is a duly appointed public safety officer, servant, employee and agent of The Roosevelt Island Operating Corporation and The Roosevelt Island Public Safety Department, acting under color of State law.  Defendant "**SERGEANT CABASSA**" is sued herein in his individual capacities.

11.     At all times herein mentioned the Defendant "**FNU CRUZ**" was and still is a duly appointed officer, servant, employee and agent of The Roosevelt Island Operating Corporation and The Roosevelt Island Public Safety Department, acting under color of State law.  Defendant "**FNU CRUZ**" is sued herein in his individual capacities.

12.     At all times herein mentioned the Defendants **PUBLIC SAFETY "JOHN DOE"** was and still is a duly appointed officers, servants, employees and agents of The Roosevelt Island Operating Corporation and The Roosevelt Island Public Safety Department, acting under color of State law. Defendant **PUBLIC SAFETY "JOHN DOE"** is sued herein in his individual capacities.

13.     At all times herein mentioned the Defendants **PUBLIC SAFETY "JANE DOE"** was and a duly appointed officer, servant, employee and agent of The Roosevelt Island Operating Corporation and The Roosevelt Island Public Safety Department, acting under color of State law. Defendant **PUBLIC SAFETY "JANE DOE"** is sued herein in her individual capacities.

14.     At all times herein mentioned  and in all their actions described herein, the Defendants "**SERGEANT CABASSA**", "**FNU CRUZ**", **PUBLIC SAFETY OFFICER "JOHN DOE"**, **PUBLIC SAFETY OFFICER "JANE DOE"**  were acting under color of statutes, ordinances, regulations, policies, customs, and usage of The Roosevelt Island Operating Corporation

3

and The Roosevelt Island Public Safety Department, pursuant to their authority as employees, servants, agents of The Roosevelt Island Operating Corporation and The Roosevelt Island Public Safety Department, within the scope of employment and incidental to their otherwise lawful duties and functions as employees, servants, agents, and public safety officers. The individual Defendants were acting for, and on behalf of, and with the power and authority vested in them by The Roosevelt Island Operating Corporation and The Roosevelt Island Public Safety Department, and were otherwise performing and engaging in conduct incidental to the  performance of their lawful functions in the course of their duties.

## STATEMENT OF FACTS

15.     On August 7, 2012, at approximately 4:00 p.m., Plaintiff was lawfully present at/near an apartment building located at 540 Main Street in the County, City and State of New York.

16.     Without any legal basis or justification for doing so, Defendants **"SERGEANT CABASSA", "FNU CRUZ", PUBLIC SAFETY OFFICER "JOHN DOE"** and **PUBLIC SAFETY OFFICER "JANE DOE"** approached Plaintiff.

17.     The Plaintiff was not engaged in any suspicious or illegal conduct.

18.     Although there was no legal or justification for doing so, the Defendants aggressively ran at the Plaintiff.

19.     The Defendants did not identify themselves as officers.

20.     Despite the absence of any evidence of wrongdoing in the part of Plaintiff and despite the absence of guns, drugs, or contraband, the above individually named Defendants, **"SERGEANT CABASSA", "FNU CRUZ", PUBLIC SAFETY OFFICER "JOHN DOE"** and **PUBLIC SAFETY OFFICER "JANE DOE,"** tackled the Plaintiff to the ground.

21.     **"SERGEANT CABASSA"** began to beat, strike, and apply excessive force to the Plaintiff when apprehending him.  Despite pleas from the Plaintiff that the excessive force **"SERGEANT CABASSA"** was applying to the Plaintiff was injuring him, said Defendant continued to utilize such force.

4

22.     **"FNU CRUZ"** began to beat, strike, and apply excessive force than was necessary to the Plaintiff when apprehending him in conjunction with **"SERGEANT CABASSA", PUBLIC SAFETY OFFICER "JOHN DOE"** and **PUBLIC SAFETY OFFICER "JANE DOE."** Despite pleas from the Plaintiff that the excessive force **"FNU CRUZ"** was applying to the Plaintiff was injuring him, said Defendant continued to utilize such force.

23.     **PUBLIC SAFETY OFFICER "JOHN DOE"** began to beat, strike, and apply excessive force than was necessary to the Plaintiff when apprehending him in conjunction with **"SERGEANT CABASSA", "FNU CRUZ","** and **PUBLIC SAFETY OFFICER "JANE DOE."** Despite pleas from the Plaintiff that the excessive force **PUBLIC SAFETY OFFICER "JOHN DOE"** was applying to the Plaintiff was injuring him, said Defendant continued to utilize such force.

24.     **PUBLIC SAFETY OFFICER "JANE DOE"** began to beat, strike, and apply excessive force than was necessary to the Plaintiff when apprehending him in conjunction with **"SERGEANT CABASSA", "FNU CRUZ","** and **PUBLIC SAFETY OFFICER "JOHN DOE."** Specifically, **PUBLIC SAFETY OFFICER "JANE DOE"** repeatedly struck Plaintiff with a baton despite the fact that the Plaintiff was already on the ground and was physically subdued by the three other officers. Despite pleas from the Plaintiff that the excessive force **PUBLIC SAFETY OFFICER "JANE DOE"** was applying to the Plaintiff was injuring him, said Defendant continued to utilize such force.

25.     Despite the absence of any evidence of wrong doing on the part of the Plaintiff, the individually named Defendants decided to formally arrest the Plaintiff and took him to the detention center on Roosevelt Island.

26.     Plaintiff was detained at the Roosevelt Island detention center for several hours.

27.     Plaintiff was then transferred to the 114th Precinct.

28.     Plaintiff was further transferred to New York Central Booking where he was held for several more hours.

29.     Plaintiff was detained for a total of approximately 21 hours across all three locations.

5

30.     It was objectively unreasonable for the individual Defendants to arrest the Plaintiff, as there was no evidence that he had engaged in any unlawful conduct.

31.     At no time prior to or during the encounter and/or arrest did there exist probable or otherwise legally sufficient cause to arrest the Plaintiff, nor could the individual Defendants have reasonably believed that such cause existed.

32.     At no time did there exist any basis to use any level of force against the Plaintiff, much less the force actually employed, nor could any of the individual Defendants have reasonably believed that such force was reasonable, lawful, appropriate, or necessary.

33.     At no time did any of the individually named Defendants take steps to intervene in, prevent, or otherwise limit the misconduct engaged in by the individually named Defendants against Plaintiff.

35.     At no time did Plaintiff resist arrest or otherwise engage in any threatening or violent activity.

36.     Plaintiff was eventually arraigned on a criminal complaint sworn to, or made on the basis of, allegations given by **"SERGEANT CABASSA."**

37.     Plaintiff was prosecuted over the course of several months pursuant to the false allegations before the charges against him were resolved in his favor.

38.     The factual allegations sworn to by the Defendants against Plaintiff to justify his arrest, detention and arraignment were materially false and deliberately made to justify the illegal search, arrest, and excessive force perpetrated by the Defendants against Plaintiff.

### AS AND FOR A FIRST CAUSE OF ACTION
### DEPRIVATION OF RIGHTS UNDER THE
### UNITED STATES CONSTITUTION AND 42 U.S.C. § 1983

39.     Plaintiff **ADRIAN GORDON** repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

40.     By their conduct and actions in arresting, imprisoning, failing to intercede on

6

behalf of **ADRIAN GORDON** and in failing to protect him from the unjustified and unconstitutional treatment he received at the hands of the individual Defendants, **PUBLIC SAFETY SERGEANT MICHAEL CABASSA, PUBLIC SAFETY DETECTIVE FNU "CRUZ", PUBLIC SAFETY OFFICER "JOHN DOE" and PUBLIC SAFETY OFFICER "JANE DOE",** the Defendants, **PUBLIC SAFETY SERGEANT MICHAEL CABASSA, PUBLIC SAFETY DETECTIVE FNU "CRUZ", PUBLIC SAFETY OFFICER "JOHN DOE" and PUBLIC SAFETY OFFICER "JANE DOE",** acting with animus, and under color of law and without lawful justification, intentionally, maliciously, and with deliberate indifference to or a reckless disregard for the natural and probable consequences of their acts, caused plaintiff to be unlawfully subjected to excessive and unreasonable force, false arrest and caused injury and damage in violation of the Plaintiff's constitutional rights as guaranteed under 42 U.S.C. § 1983 and the United States Constitution, including its Fourth and Fourteenth Amendments.

41.     As a result of the foregoing, Plaintiff was seriously injured, deprived of his liberty, suffered a loss of quality and/or enjoyment of life, economically injured, psychologically injured and emotionally distressed, humiliated, costs and expenses, and was otherwise damaged and injured.

**AS AND FOR A SECOND CAUSE OF ACTION
FOR EXCESSIVE FORCE, FALSE ARREST,
FALSE IMPRISONMENT AND MALICIOUS PROSECUTION PURSUANT TO
STATE LAW**

42.     Plaintiff **ADRIAN GORDON** repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

43.     At the aforementioned times and locations, Plaintiff, **ADRIAN GORDON** was detained and held under the imprisonment and control of the individual defendants, **PUBLIC SAFETY SERGEANT MICHAEL CABASSA, PUBLIC SAFETY DETECTIVE FNU "CRUZ", PUBLIC SAFETY OFFICER "JOHN DOE" and PUBLIC SAFETY OFFICER "JANE DOE",** under false pretenses.

7

44.     That the acts and conduct on the part of all the individual Defendants constituting the of the following; unlawfully abusing, intentionally detaining and confining Plaintiff against his will and without his consent; unlawfully and intentionally confining Plaintiff without privilege, probable cause or valid legal process.

45.     That at all times hereinafter mentioned, said arrest, confinement and restraint of liberty was not otherwise privileged.

46.     That plaintiff was conscious of the confinement.

47.     That as a direct, sole and proximate result of the acts of the individual Defendants, Plaintiff was caused to and did sustain server injuries, humiliation and embarrassment, emotional and mental distress, moral and mental degradation, indignity and disgrace, injury to personal reputation, inconvenience, disturbance and disruption of life, legal expenses, and loss of personal income.

48.     As a result of the foregoing, Plaintiff was deprived of his liberty, suffered physical, economical injury, psychological injury and emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

**AS AND FOR A THIRD CAUSE OF ACTION**
**VIOLATION OF PLAINTIFF'S RIGHTS PURSUANT TO**
**THE COMMON LAW OF THE STATE OF NEW YORK**
**VIA BATTERY**

49.     Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

50.     That by reason of the battery, the Plaintiff was harmed physically while unlawfully detained, and that the Plaintiff was otherwise harmed as a result of the individually named Defendants, **PUBLIC SAFETY SERGEANT MICHAEL CABASSA, PUBLIC SAFETY DETECTIVE FNU "CRUZ", PUBLIC SAFETY OFFICER "JOHN DOE"** and **PUBLIC SAFETY OFFICER "JANE DOE",** actions.

51.     As a result of the foregoing, the Plaintiff was deprived of his liberty, suffered a loss

of quality and/or enjoyment of life, economic injury, psychological injury and emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

## AS AND FOR A FOURTH CAUSE OF ACTION
## VIOLATION OF PLAINTIFF'S RIGHT UNDER
## NEW YORK STATE LAW
## VIA ASSAULT

52.     Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

53.     That on the aforementioned date, time and place, the individual Defendants **"SERGEANT CABASSA", "FNU CRUZ", PUBLIC SAFETY OFFICER "JOHN DOE"** and **PUBLIC SAFETY OFFICER "JANE DOE"** committed the tort of assault against the Plaintiff by causing him to be in apprehension of imminent, harmful, and offensive touching and in so doing, the individually named Defendants violated the laws and Constitution of the State of New York and otherwise violated the plaintiff's rights under New York Law.

54.     That by reason of the aforesaid committed by the individually named Defendants, the Plaintiff suffered and continues to suffer physical injury and that he was otherwise damaged.

55.     As a result of the foregoing, the Plaintiff was deprived of his liberty, suffered a loss of quality and/or enjoyment of life, economic injury, psychological injury and emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

**WHEREFORE**, Plaintiff demands the following relief jointly and severally against all of the defendants:

    a.   Compensatory damages;

    b.   Punitive damages;

    c.   The convening and empanelling of a jury to consider the merits of the claims herein;

    d.   Costs and interest and attorneys' fees;

    e.   Such other further relief as this court may deem appropriate and equitable.

Dated:   New York, New York
         February 25, 2014

Respectfully submitted,

**LAW OFFICES OF MICHAEL S.
LAMONSOFF, PLLC**
*Counsel for the Plaintiff*

RYAN J. LAWLOR   (RL 7354)
80 Maiden Lane, 12th Floor
New York, New York 10038
(212) 962-1020

10

DOCKET NO.13 CV-5469 (ALC)
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ADRIAN GORDON,

                    Plaintiff,

          -against-

THE ROOSEVELT ISLAND OPERATING
CORPORATION, PUBLIC SAFETY OFFICER FNU "CAZEZA", PUBLIC SAFETY
OFFICER FNU "CRUZ", PUBLIC SAFETY OFFICER "JOHN DOE", PUBLIC SAFETY
OFFICER "JANE DOE", THE CITY OF NEW YORK, "RICHARD ROWES" 1-5, as members
of the New York City Police Department,

                    Defendants.

---

## AMENDED SUMMONS & COMPLAINT

---

## LAW OFFICES OF MICHAEL S. LAMONSOFF, PLLC
### *Attorneys for Plaintiff*
**80 Maiden Lane, 12th Floor**
**New York, New York 10038**
**(212) 962-1020**

---

To:    Sergeant  Michael Cabassa, Shield No. 1867
       c/o Roosevelt Island Dept of Public Safety
       550 Main Street
       New York, New York 10044

       Public Safety Detective FNU Cruz
       c/o Roosevelt Island Dept of Public Safety
       550 Main Street
       New York, New York 10044

Pursuant to 22NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of the State
of New York, certifies that, upon information and belief and reasonable inquiry, the contentions contained
in the annexed document are not frivolous.

                              _____
                                   Ryan J. Lawlor, Esq